UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

HEATHER L. HINKFORTH,

    Plaintiff,

v.                                         Case No. 11-C-0888

BROOKDALE SENIOR LIVING, INC.,

    Defendant.

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION (DOC. 8), DENYING PLAINTIFF'S MOTION TO DISMISS (DOC. 8), STAYING CASE, AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

Brookdale Senior Living Inc., ("Brookdale"), has filed a motion to dismiss this action and to compel arbitration. Alternatively, it asks the court to stay the proceedings pending arbitration. Because the court finds that the plaintiff, Heather Hinkforth, executed an enforceable agreement to arbitrate "claims arising out of or relating to" her employment relationship or the termination of her employment with Brookdale, Hinkforth will be compelled to arbitrate her claims, this case will be stayed and the file will be closed for administrative purposes.

As an initial matter, Brookdale seeks dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). However, in the Seventh Circuit, when a party invokes a valid arbitration clause, the proper course of action is to stay the proceedings. *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.,* 417 F.3d 727, 732 n.7 (7th Cir. 2005). If the agreement calls for arbitration in another district, dismissal under Rule 12(b)(3) may be appropriate. *Id.* at 733.

According to the complaint in this action, Brookdale employed Hinkforth as a part-time care associate from July 18, 2011, until September 21, 2011. (Compl. ¶ 9.) Hinkforth

entered an Employment Binding Arbitration Agreement with Brookdale. (Passler Decl. ¶ 5, Ex. A.) The Arbitration Agreement states, in relevant part:

> As a condition of your employment here, you agree that any controversy or claim arising out of or relating to your employment relationship with us or the termination of that relationship, must be submitted for final and binding resolution by a private and impartial arbitrator, to be jointly selected by you and us.

(*Id.* at 1.)

Claims covered by the Arbitration Agreement include any claim that could be asserted in court, including claims for violation of any federal or state law, statute, regulation or ordinance. (*Id*. at 1-2.) In addition, the Arbitration Agreement states that by providing a signature, Brookdale and the employee understand that both "are giving up any constitutional or statutory right" to have "covered claims decided in a court of law before a judge or a jury. (*Id.* at 4.)

Hinkforth also signed an Associate Handbook Receipt and Acknowledgment on July 14, 2011, that state in part, "I agree to Brookdale's Employment Binding Arbitration policy regarding any disputes that arise between Brookdale and me and I agree to arbitrate the dispute by a final binding arbitration." (Passler Decl. ¶ 6; Ex. B.)

On September 21, 2011, Hinkforth filed the pending complaint against Brookdale, asserting violations of the Fourth Amendment and various state laws based on her belief that Brookdale compromised her social security number by filing it in an unsecured cabinet. (Compl. ¶¶ 5, 14-15.)

A party can bring an action in federal court to compel an opponent to submit to arbitration pursuant to 9 U.S.C. § 4. A court "will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that

2

covers the asserted dispute." *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Intern. Union v. TriMas Corp.,* 531 F.3d 531, 536 (7th Cir. 2008) (internal quotations omitted). State contract law governs whether an arbitration agreement is valid and enforceable. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809 (7th Cir. 2011).

It is clear to the court that Hinkforth and Brookdale entered a valid agreement to arbitrate employment disputes. Hinkforth accepted Brookdale's offer to arbitrate all disputes by signing the Associate Handbook Receipt and Acknowledgment that stated "I agree to Brookdale's Employment Binding Arbitration policy regarding any disputes that arise between Brookdale and me . . . . " The consideration was her employment with Brookdale and the mutual promise to arbitrate all disputes.

In her opposition to the motion to dismiss and compel arbitration, Hinkforth argues that the Arbitration Agreement is not enforceable because Brookdale did not proceed in good faith. However, Hinkforth provides no factual basis for this assertion or any evidence to suggest that fraud, duress, or unconscionability negate her knowing and voluntary agreement to submit her claims to binding arbitration.

Further, the claims that Hinkforth raises in the complaint fall within the scope of the Arbitration Agreement. Specifically, Hinkforth alleges that "on or around September 10, 2011, [she] was given good cause to believe that her social security number had been compromised and viewed by every staff member and the general public at Clare Bridge Assisted Living due to statements from another employee at the business, Natasha White." (Compl. ¶ 14.) Social security numbers could be located in the employment files stored in an unlocked, unmonitored, drawer of the filing cabinet. (Compl. ¶ 15.) In addition,

3

Hinkforth contends that she was bullied in the course of a two-hour interview regarding this issue by Brookdale's Regional Vice President.

The Arbitration Agreement covers "violations of confidentiality or breaches of trade secrets; and/or claims for violation of any federal state, or other governmental law, statue, regulation or ordinance, and whether based on statute or common law." Although Hinkforth attempts to differentiate between employment, privacy and negligence claims, none of the exclusions apply to this case. Moreover, Hinkforth seeks an injunction in the form of a public apology and the requirement that Brookdale do "everything within its ability to restore security" to her social security number. However, the only exclusion for injunctive relief applies to claims brought by Brookdale. Because Hinkforth contracted for the ADR process as her sole avenue for redress of her claims against Brookdale she cannot proceed in this court. Now, therefore,

IT IS ORDERED that Brookdale's motion to compel arbitration is granted.

IT IS FURTHER ORDERED that Brookdale's motion to dismiss is denied.

IT IS FURTHER ORDERED that this action is stayed and closed for administrative purposes.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE